IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE SOLORIO, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>142 MERCER STREET, LLC, BURGER & BARREL, LLC, NACO NYC, LLC, 9 EAST FIRST STREET, LLC, SESSANTA, LLC, CROMWELL SOHO OPERATING LLC, MERCER STREET HOSPITALITY LLC, JOHN MCDONALD, JOSHUA PICKARD, JOSHUA CAPON, STEVEN ECKLER and JAY OLIVEROS,<br><br>      Defendants. | No. 15 CV 5817 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/16

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICES OF SETTLEMENT



The above-entitled matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notices of Settlement ("Motion for Preliminary Approval"). Defendants do not oppose the motion.

**I. Preliminary Approval of Settlement**

  1. Based upon the Court's review of the Plaintiff's Memorandum of Law in Support of their Motion for Preliminary Approval, Declaration of C.K. Lee ("Lee Declaration"), and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiff and Defendant 142 Mercer Street, LLC

attached to the Lee Declaration as Exhibit A, and "so orders" all of its terms.

2. Courts have discretion regarding the approval of a proposed class action settlement. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks. *See Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009).

3. Preliminary approval, which is what Plaintiff seeks here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *See id.*

4. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in some cases, an informal presentation by the settling parties. *See id.* (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002)). Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at *1 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (same). To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal citation omitted). If the proposed settlement "appears to fall within the range of

possible approval," the court should order that the class members receive notice of the settlement. *Clark*, 2009 WL 6615729, at *3.

5. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d at 634; *Hernandez*, 2012 WL 5862749, at *1.

6. The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, Nos. 05 Civ. 10240, 05 Civ. 10287, 05 Civ. 10515, 05 Civ. 10610, 06 Civ. 304, 06 Civ. 347, 06 Civ. 1684, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

7. The assistance of an experienced mediator, Ruth D. Raisfeld of Alternative Dispute Resolution Services, reinforces that the Settlement Agreement is non-collusive. A settlement like this one, reached with the help of a third-party neutral, enjoys a "presumption that the settlement achieved meets the requirements of due process." *See Johnson v. Brennan*, 10 Civ. 4712, 2011 WL 4357376, at *8 (S.D.N.Y. Sept. 16, 2011) (citations omitted).

8. Courts should grant preliminary approval where the settlement agreement has "no obvious defects." *See Alli v. Boston Market Corp.*, No. 10 Civ. 4, at 6 (D. Conn. December 8, 2011). The Court finds that the settlement presented here has "no obvious defects" that prevent preliminary approval.

3

## II.     Conditional Certification of the Proposed Rule 23 Settlement Classes

9.     Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

10.     Therefore, for settlement purposes only, the Court certifies a class of tipped workers at Defendant's Lure Fishbar restaurant located at 142 Mercer Street, New York, New York, who worked in non-exempt and non-administrative positions, where such individuals work or have worked between July 24, 2009 and December 8, 2015, and who do not opt-out of the class.

11.     Plaintiff meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

12.     Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(1) because there are approximately 525 Rule 23 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

13.     Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because he and the class members share common issues of fact and law, including whether Defendants (i) failed to

pay minimum wage; (ii) failed to pay proper overtime, (iii) failed to properly pay wages for off the clock work and call in pay; (iv) improperly charged for the cost and maintenance of uniforms ; (v) failed to make spread-of-hours payments or pay call-in pay when required, and (vi) failed to meet the New York Labor Law's requirement on wage statements and wage and hour notices. *See Campos v. Good*, No. 10 Civ. 0224, 2010 WL 5508100, at *1-2 (S.D.N.Y. No. 29, 2010) (commonality satisfied where restaurant workers raised overtime, tip misappropriation, spread of hours and uniform claims); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] maintained accurate time records" sufficient to satisfy record-keeping requirements).

14. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiff's claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Hernandez*, 2012 WL 5862749, at *3 (typicality satisfied where "[p]laintiffs' claims for overtime pay [arose] from the same factual and legal circumstances that form[ed] the bases of the [c]lass [m]embers' claims"); *Morris*, 859 F. Supp. 2d at 616 (same).

15. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiff's and Class Members' interests are at odds. *See Morris*, 859 F. Supp. 2d at 616 (no evidence that named plaintiffs' and class members' interests were at odds).

16. In addition, Plaintiff's Counsel, Lee Litigation Group, PLLC also meets Rule 23(a)(4)'s adequacy requirement. Lee Litigation Group PLLC is qualified to represent the class.

17. Plaintiff also satisfies Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006)

(plaintiff "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Morris*, 859 F. Supp. 2d at 617; *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008) (Lynch, J.).

### III. Appointment of Plaintiff's Counsel as Class Counsel and Advanced Litigation Strategies, LLC as Claims Administrator

18. The Court appoints Lee Litigation Group, PLLC ("LLG") ("Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia*, 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

19. Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and Class Members' claims.

20. LLG's attorneys are experienced class action litigators well versed in wage and hour class action law. See *Viafara v. MCIZ Corp. et al.*, No. 12 Civ. 7452 (RLE) (S.D.N.Y. April 30, 2014), citing *Hernandez v. Anjost Corp.*, No. 11 Civ. 1531 (AT), 2013 WL 4145952, at *4 (S.D.N.Y. Aug. 4, 2013) (finding Lee Litigation Group, PLLC "well qualified" to represent the class).

21. The work that Plaintiff's Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

22. Advanced Litigation Strategies, LLC, an administration company under common control of Class Counsel, has extensive experience in providing court-approved notice of class actions and administering various types of class action settlements. As class action settlement claims administrator, Advanced Litigation Strategies, LLC is accustomed to being approved by Courts in this Circuit and District to provide notice of the settlement and claim processing services. See *Khamsiri, et al. v. George & Frank's Japanese Noodle Inc. et al.*, No. 12 Civ. 0265 (KPF). The Court appoints Advanced Litigation Strategies, LLC as administrator of the settlement.

## IV. Notices

23. The Court approves the Proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Rule 23 Notice"), and directs its distribution to the Class.

24. The content of the Proposed Rule 23 Notice fully complies with due process and Federal Rule of Civil Procedure 23.

25. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

26. The Proposed Rule 23 Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken &*

*Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *Johnson*, 2011 WL 1872405, at *3. The Proposed Notice is also appropriate because it describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Hernandez*, 2012 WL 5862749, at *5.

27. The Court approves the Proposed Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing ("Proposed FLSA Notice").

V. **Class Action Settlement Procedure**

28. The Court hereby adopts the following settlement procedure:

   a. Within 30 days of the date of this Order, the Claims Administrator shall mail the Notices to Class Members;

   b. Class Members will have 60 days from the date the Notice is mailed to opt out of the settlement or object to it;

   c. Plaintiff will file a Motion for Final Approval of Settlement no later than 15 days before the fairness hearing;

   d. The Court will hold a final fairness hearing on _September 29, 2016_ at _11:00_ a.m./~~p.m.~~ at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom ~~15D~~; 17A.

   e. If the Court grants Plaintiff's Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the date 30 days after entry of such Order;

   f. If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day after all appeals are resolved in favor of final approval;

   g. The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Award, the Release Payment, and the Claims Administrator's fee as provided in the Parties' Settlement Agreement; and

      h.      The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 16th day of May, 2016.

*[signature]*

~~Honorable Analisa Torres~~
~~United States District~~ Judge

**Debra Freeman**
**United States Magistrate Judge**
**Southern District of New York**